UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

No. 17-11589

---

CODE REVISION COMMISSION, for the benefit of and on behalf of THE GENERAL ASSEMBLY OF GEORGIA, and THE STATE OF GEORGIA,

*Plaintiffs–Counter Defendants–Appellees*,

v.

PUBLIC.RESOURCE.ORG, Inc.,

*Defendant–Counter Claimant–Appellant.*

---

MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

No. 17-11589

Code Revision Commission v. Public.Resource.Org

CERTIFICATE OF INTERESTED PERSONS
AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, the parties state that they have no parent corporation or no publicly held corporation that holds 10% or more of their stock.

The following listing is provided pursuant to 11th Circuit Rule 26.1-1.

Acton, Anne M.

Adelman, Beth

American Library Association

Anzalone, Filippa Marullo

Association of College and Research Libraries

Association of Research Libraries

Butler, Brandon C.

Carrier, Michael A.

Chisolm, Tuneen

Clifford, Ralph D.

Courtney, Kyle K.

Danner, Richard A.

Duan, Charles

Emerson, Amy A.

Ford, Roger Allan

Fortney, Katie

Frye, Brian L.

Ghosh, Shubha

Hansen, David R.

Heald, Paul Justin

Hirsh, Kenneth J.

Institute of Intellectual Property and Social Justice

Joergensen, John

Johnson, Eric E.

Keele, Benjamin J.

Kennedy, Jocelyn

Klinefelter, Anne

Lantagne, Stacey M.

Lee, Sarah Hooke

Leiter, Richard

Liebesman, Yvette Joy

Love, Brian J.

Macklin, Lisa A.

Mayer, John

Mtima, Lateef L.

Organization for Transformative Works

Public Knowledge

Seipp, David J.

Selby, Courtney

Silbey, Jessica

Smith, Kevin L.

Sorkin, David E.

Street, Leslie

Tushnet, Rebecca

Wheeler, Ronald E.

Williams, Beth

Zimmerman, Katie

Zittrain, Jonathan L.

## MOTION FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE*

Public Knowledge, the American Library Association, the Association of Research Libraries, the Association of College and Research Libraries, the Organization for Transformative Works, the Institute of Intellectual Property and Social Justice, and the 41 librarians and professors of law identified in Appendix B of the brief move for leave to file a brief as *amici curiae* in support of Defendant–Counter Claimant–Appellant Public.Resource.Org, pursuant to Federal Rule of Appellate Procedure 29(a)(2) and Eleventh Circuit Rule 29-1. The proposed brief is tendered herewith. Appellant Public Resource consents to the filing of this brief; Appellees Code Revision Commission oppose.

The "classic role of amicus curiae" is "assisting in a case of general public interest, . . . supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration." *Funbus Sys., Inc. v. Cal. Pub. Utils. Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) (citing *Miller-Wohl Co. v. Comm'r of Labor & Indus.*, 694 F.2d 203, 204 (9th Cir. 1982)); *see also Neonatology Assocs., PA v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.) (leave to file should be granted where proposed brief has "(a) an adequate interest, (b) desirability, and (c) relevance"). The tendered brief satisfies all of these considerations, and accordingly leave to file should be granted.

1

The present case has extraordinary importance to the general public, warranting participation of *amici curiae* to present the perspective of those public concerns. Access to the law, interpretations of the law, and pronouncements of government officials is a matter of grave public concern—indeed, the fourth grievance in the Declaration of Independence relates to British efforts to make public records difficult to access.[1]

As a result, this brief seeks to provide useful information about the larger implications of this case on fundamental national values, such as self-government, individual rights, and public accountability. Section I of the brief provides a unique perspective on how copyright in the government texts at issue here affect public policy that favors free access to government interpretations of laws, a policy that is foundational both to the case law and to the philosophy of the United States. Section II discusses implications of the fair use analysis in the broader context of nonprofit public interest organizations, and Section III considers real-world accessibility and usability concerns about the online website that the State of Georgia proffers as supposedly "free" access to Georgia law.

The movants are uniquely well-situated to offer this information on the public implications of the case. Briefs of one movant, Public Knowledge, have been

---

[1] The text reads: "He has called together legislative bodies at places unusual, uncomfortable, and distant from the depository of their Public Records, for the sole purpose of fatiguing them into compliance with his measures."

cited by Supreme Court justices and appellate courts for providing helpful perspectives on the public interest. *See, e.g., Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1938 (2016) (Breyer, J., concurring) (citing *amicus* brief); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1052 n.22 (9th Cir. 2015) (quoting brief). Other movants are library organizations and professional librarians, who dedicate themselves to enhancing the public's access to knowledge, and professors and scholars of law who seek to educate their students and the public on the substance of the law. The contributors to the brief thus have a substantial collective understanding of the important policy dimensions of this important case.

Accordingly, the brief presents valuable and helpful information to decide momentous questions of law. The motion for leave to file should be granted.

Respectfully submitted,

Dated: May 23, 2017

*s/ Charles Duan*
CHARLES DUAN
  *Counsel of Record*
PUBLIC KNOWLEDGE
1818 N Street NW, Suite 410
Washington, DC 20036
(202) 861-0020
cduan@publicknowledge.org

*Counsel for Movants*

3

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Federal Rules of Appellate Procedure 32(a)(7)(B), 28.1(e)(2), and 29(d). The document contains **596** words, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) or Federal Rule of Appellate Procedure 28.1(e) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6).

Dated: May 23, 2017               *s/ Charles Duan*
                                  Charles Duan
                                  *Counsel for Movants*

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2017, I caused the foregoing **Motion for Leave to File Brief as *Amici Curiae*** to be electronically filed with the Clerk of the Court using CM/ECF, which will automatically send email notification of such filing to all counsel of record.

Dated: May 23, 2017               *s/ Charles Duan*
                                  Charles Duan
                                  *Counsel for Movants*